# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1710 | **DATE** | March 16, 2012 |
| **CASE TITLE** | Larry Winkfield (#2011-0903119) vs. Superintendent Reyes, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* (Doc [3]) is granted. The court authorizes and orders Cook County Jail officials to deduct $6.44 from the plaintiff's account and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, two correctional officers at the jail, violated his constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that one officer refused to heed the plaintiff's report that his life was being threatened, and that a second officer watched fellow inmates brutally attack the plaintiff without intervening.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $6.44. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, attn: Cashier's Desk, 20th Floor, 219 S. Dearborn St., Chicago, Illinois 60604, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states colorable causes of action under the Civil Rights Act. If the defendants failed to take reasonable steps in the face of a substantial risk of serious harm, they may liable for damages under 42 U.S.C. § 1983. *See, e.g., Wash. v. LaPorte Cnty. Sheriff's Dep't*, 306 F.3d 515 (7th Cir. 2002). Furthermore, jail guards would have a constitutional obligation to intervene in a prison fight so long as entering the fray would not expose the officers to risk of serious injury. *Peate v. McCann*, 294 F.3d 879, 883 (7th Cir. 2002).

The plaintiff is unable to identify the John Doe officers who allegedly failed to protect him and maintains that defendants Reyes and Tucker have refused to release the names of the officers in question. In this circuit, the courts recognize a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Ind. Dep't of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Consequently, defendants Reyes and Tucker will remain as defendants for the sole purpose of identifying the John Doe defendants.

Once the plaintiff has obtained service on Reyes and Tucker, and an attorney has entered an appearance on their behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the defendants who allegedly violated the plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on the defendants in interest and Reyes and Tucker will be dismissed. The plaintiff is advised that there is a two-year statute of limitations for civil rights actions and should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

The clerk shall issue summonses for service of the complaint on defendants Reyes and Tucker. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If either officer can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the
**(CONTINUED)**

| **STATEMENT (continued)** |
|---|

Marshal. Address information shall not be maintained in the court file or disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d)(2) before attempting personal service.

     The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.