# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LARRY WINKFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 1710 |
| | ) | Judge Thomas M. Durkin |
| THOMAS DART, Sheriff of Cook County, | ) | Magistrate Judge Mary M. Rowland |
| COOK COUNTY, CORRECTIONAL | ) | |
| OFFICER KOZELL, CORRECTIONAL | ) | |
| OFFICER VAZQUEZ, UNKNOWN | ) | |
| CORRECTIONAL OFFICERS | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COME Defendants, COOK COUNTY, THOMAS DART, and OFFICER VAZQUEZ, by their attorney, Anita Alvarez, State's Attorney of Cook County, through her assistant, Martin Syvertsen, and pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, present the following Answer to Plaintiff's First Amended Complaint, Affirmative Defenses, and Jury Demand as follows:

## NATURE OF THE CASE

1. At the time of the conduct complained of herein, Mr. Winkfield was a pre-trial detainee confined in the Cook County Jail ("CCJ") in Chicago, Illinois. This is a civil action arising out of Defendants' collective failure to protect Mr. Winkfield from an unprovoked attack by fellow pre-trial detainees in November 2011. Individual Defendants had actual knowledge of the danger to Mr. Winkfield, but disregarded the risk and failed to take reasonable measures to abate it. As a result of the attack, Mr. Winkfield sustained severe injuries from which he has not fully recovered. Based on these violations, Mr. Winkfield petitions this Court to enforce his

rights under the U.S. Constitution, 42 U.S.C. § 1983, and state law. Mr. Winkfield seeks damages, attorneys' fees, and costs.

> **ANSWER:** Defendants admit the nature of the case as described comports with the allegations contained in the remainder of his Complaint, but deny the remaining allegations set forth in paragraph 1.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 because Mr. Winkfield seeks redress for civil rights violations under 42 U.S.C. § 1983.

> **ANSWER:** Defendants admit the allegations set forth in paragraph 2.

3. The Court may also exercise supplemental jurisdiction over Mr. Winkfield's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims arise out of the same case or controversy as his federal claims.

> **ANSWER:** Defendants admit the allegations set forth in paragraph 3.

4. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) because all events or omissions giving rise to Plaintiff's claims asserted herein occurred in this District.

> **ANSWER:** Defendants admit the allegations set forth in paragraph 4.

## PARTIES

5. At the time of the conduct complained of herein, Plaintiff Larry Winkfield was a detainee confined at the CCJ in Chicago, Illinois.

> **ANSWER:** Defendants admit the allegations set forth in paragraph 5.

6. Defendant Thomas Dart ("Sheriff Dart") is Sheriff of Cook County. Sheriff Dart oversees the operations of the CCJ and the Cook County Department of Corrections. Sheriff Dart is sued in his official capacity.

> **ANSWER:** Defendants admit the allegations set forth in paragraph 6.

7. Defendant Cook County is a public entity organized under the laws of the State of Illinois. Cook County is liable for any judgments related to its agents and employees pursuant to 745 ILCS 10/2-302. Defendant Cook County and its governmental subsidiary, the Cook County Department of Corrections, are hereinafter collectively referred to as "Cook County."

> **ANSWER:** Defendants admit the allegations set forth in paragraph 7.

8. Defendant Correctional Officer Kozell is a correctional officer employed by Cook County.

> **ANSWER:** Defendants admit only that Defendant Kozell was employed by the Cook County Sheriff on the date at issue, November 25, 2011. Defendants deny all remaining allegations contained in paragraph 8.

9. Defendant Correctional Officer Vazquez is a correctional officer employed by Cook County.

> **ANSWER:** Defendants admit only that Officer Vazquez is employed by the Cook County Sheriff. Defendants deny all remaining allegations contained in paragraph 9.

10. Additional Cook County employees, correctional officers, and prison officials whose identities are unknown to Mr. Winkfield were also responsible for the failure to protect Mr. Winkfield from an attack by fellow detainees. These unknown Defendants, as well as the named Cook County employees, correctional officers, and prison officials are sued in their individual capacities and are hereinafter referred to as the "Individual Defendants."

> **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. At all relevant times and in all their actions, all Individual Defendants were acting under color of law and pursuant to their authority as employees of Cook County.

> **ANSWER:** Defendants admit the allegations with respect to the named and identified and served Officers. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11.

## ALLEGATIONS OF FACT

12. On November 25, 2011, Mr. Winkfield was detained in Division 1-2-A of the CCJ. His cellmate was Willie Reeves.

    **ANSWER:** Defendants admit the allegations set forth in paragraph 12.

13. At approximately 6:00 a.m. on that date, detainees detained in cells across the hall from Mr. Winkfield's cell threatened Mr. Winkfield with grave physical harm. These detainees were known gang members.

    **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Mr. Winkfield informed Officer Kozell that he was being threatened by those detainees and that Mr. Winkfield believed that they were going to make good on their threats and cause Mr. Winkfield grave physical harm if Mr. Winkfield and those detainees were released into the same common area. Mr. Winkfield sought protection from Officer Kozell.

    **ANSWER:** Defendants deny the allegations set forth in paragraph 14.

15. Officer Kozell did not provide any assistance or protection to Mr. Winkfield, nor did Officer Kozell indicate that he intended to provide any assistance or protection to Mr. Winkfield.

    **ANSWER:** Defendants deny the allegations set forth in paragraph 15.

16. Because Officer Kozell refused to provide assistance or protection, Mr. Winkfield asked to speak to a commanding officer in order to obtain protection from those detainees who were threatening him. That request was denied.

    **ANSWER:** Defendants deny the allegations set forth in paragraph 16.

17. Despite Mr. Winkfield's pleas for protection from Officer Kozell and Officer Kozell's knowledge that Mr. Winkfield was being threatened, Officer Kozell did not take any action to protect Mr. Winkfield.

      **ANSWER:**    Defendants deny the allegations set forth in paragraph 17.

18. Cook County Department of Corrections General Order No. 9.23, which was in effect on November 25, 2011, in the unit in which Mr. Winkfield was incarcerated, stated, "Half of the living unit will be let out of their cells for a three (3) hour increment beginning with the 0700 hours – 1500 hours shift. At the completion of the three (3) hour increment, that half will be locked back in their cells and the other half of the living unit will be let out of their cells for the remainder of the shift. This rotation shall continue on with the 1500 hours – 2300 hours shift." On information and belief, the purpose of this General Order was to minimize the risk of detainee fights by decreasing the number of inmates in common areas at any one time.

      **ANSWER:**    Defendants deny the General Order referred to is accurately quoted and was in place on the stated date, and that one possible purpose for such an order would be to minimize the risk of detainee fights.

19. In violation of General Order No. 9.23, Officer Vazquez opened the jail cell doors of all of the cells on the tier at the same time.

      **ANSWER:**    Defendants deny the allegations set forth in paragraph 19.

20. Because Officer Vazquez opened all of the jail cell doors at the same time, the detainees who were threatening Mr. Winkfield were released from their cells at the same time that Mr. Winkfield was released from his cell.

      **ANSWER:**    Defendants deny the allegations set forth in paragraph 20.

21. Those detainees immediately attacked Mr. Winkfield with jailhouse knives. Mr. Winkfield shouted for help, but neither Officer Kozell nor Officer Vazquez made any attempt to protect him.

      **ANSWER:**    Defendants deny the allegations set forth in paragraph 21.

22. Mr. Winkfield was attacked for several minutes during which time neither Officer Kozell nor Officer Vazquez attempted to intervene or to protect him.

>    **ANSWER:** Defendants deny the allegations set forth in paragraph 22.

23. After Mr. Winkfield had been stabbed multiple times and suffered a broken jaw, the guards intervened and broke up the fight.

>    **ANSWER:** Defendants deny the allegations set forth in paragraph 23.

24. Mr. Winkfield suffered lacerations to his back from the stab wounds, a broken jaw, and a swollen and bleeding mouth.

>    **ANSWER:** Defendants admit Plaintiff suffered a broken jaw, a scratched back, and had swelling and bleeding to his mouth. Defendants deny all remaining allegations contained in paragraph 24.

25. Plaintiff was treated for his injuries at John H. Stroger, Jr. Hospital. On November 29, 2011, Mr. Winkfield had surgery to fix his jaw. He had another surgery to repair his jaw on February 6, 2012.

>    **ANSWER:** Defendants admit the allegations set forth in paragraph 25.

## COUNT I
### Against the Individual Defendants
### 42 U.S.C. § 1983 - Failure to Protect

26. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

>    **ANSWER:** Defendants restate and incorporate their answers to the preceding paragraphs as if fully alleged herein.

27. By the foregoing facts, Plaintiff sustained serious injuries as a result of an attack by fellow pre-trial detainees.

>    **ANSWER:** Defendants deny the allegations set forth in paragraph 27.

28. The Individual Defendants were are of facts that could lead them to believe a risk of harm to Mr. Winkfield existed.

**ANSWER:** Defendants deny the allegations set forth in paragraph 28.

29. The Individual Defendants disregarded the risk by failing to take reasonable measures to abate it.

**ANSWER:** Defendants deny the allegations set forth in paragraph 29.

30. The Individual Defendants were deliberately indifferent to the substantial risk that Plaintiff would likely be attacked by another inmate.

**ANSWER:** Defendants deny the allegations set forth in paragraph 30.

31. The acts and/or omissions of these Individual Defendants described herein amounted to cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants deny the allegations set forth in paragraph 31.

32. As a result of these violations of his Constitutional rights, the Individual Defendants have caused Mr. Winkfield unnecessary and wanton infliction of great pain, mental anguish, and further exacerbated his injuries.

**ANSWER:** Defendants deny the allegations set forth in paragraph 32.

### COUNT II
### Against the Individual Defendants
### Intentional Infliction of Emotional Distress (State Law Claim)

33. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

**ANSWER:** Defendants restate and incorporate their answers to the preceding paragraphs as if fully alleged herein.

34. The acts and conduct of the Individual Defendants as set forth above were extreme and outrageous.

**ANSWER:** Defendants deny the allegations set forth in paragraph 34.

35. The Individual Defendants intended to cause or acted with knowledge of the high probability that their conduct would cause such distress.

**ANSWER:** Defendants deny the allegations set forth in paragraph 35.

36. The Individual Defendants' actions and conduct did directly and proximately cause severe emotional distress to Plaintiff, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, and severe pain and emotional suffering.

**ANSWER:** Defendants deny the allegations set forth in paragraph 36.

## COUNT III
### Indemnification Pursuant to 745 ILCS 10/2-302 (State Law Claim)

37. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

**ANSWER:** Defendants restate and incorporate their answers to the preceding paragraphs as if fully alleged herein.

38. Illinois law provides that public entities are directed to pay any tort judgment, including any associated attorney's fees and costs, for which employees are liable within the scope of their employment activities. *See* 745 ILCS 10/9-102.

**ANSWER:** Defendants admit the allegations set forth in paragraph 38.

39. Illinois law provides that public entities are directed to pay any tort judgment, including any associated attorney's fees and costs, for which employees are liable within the scope of their employment activities. *See* 745 ILCS 10/9-102.

**ANSWER:** Defendants admit the allegations set forth in paragraph 39.

## AFFIRMATIVE DEFENSES

NOW COME, the Defendants, COOK COUNTY, THOMAS DART, OFFICER JEROLD SMITH, and OFFICER ERIC VELEZ, by their attorney ANITA ALVAREZ, State's

Attorney of Cook County, through her Assistant State's Attorney, Martin Syvertsen, assert the following Affirmative Defenses:

1. Defendants conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendants are entitled to the defense of Qualified Immunity.

2. Defendants Cook County and Tom Dart are immune from Plaintiff's state law claims under 745 ILCS 10/2-102 of the Illinois Tort Immunity Act which provides as follows: "A local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party." Defendants Cook County and Tom Dart, in his official capacity, is a local public entity. Accordingly, Cook County and Tom Dart are immune from punitive damage awards. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

3. Defendants are immune from Plaintiff's state law claims under 745 ILCS 10/2-201 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."

4. Defendants are immune from Plaintiff's state law claims under 745 ILCS 10/2-204 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person."

5. Defendants are immune from Plaintiff's state law claims under 745 ILCS 10/2-202 of the Illinois Tort Immunity Act which provides as follows: "A public employee is not

liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct."

6. Defendant Cook County and Tom Dart are immune from Plaintiff's state law claims under 745 ILCS 10/2-109, which states a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.

7. Defendants sued in their individual capacity did not possess knowledge of a specific risk of imminent harm to Plaintiff, and did not act with deliberate indifference to Plaintiff's well being.

8. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in the case. In addition, to the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by the amount of damages attributed to Plaintiff by the jury in this case.

WHEREFORE, Defendants, COOK COUNTY, THOMAS DART, and OFFICER VAZQUEZ, deny that Plaintiff is entitled to any damages. Defendants pray that this Honorable Court enter a finding that Plaintiff is not entitled to the relief requested in the Complaint and that Plaintiff's Complaint be dismissed with prejudice and that this Court award attorneys' fees and costs along with granting other such relief to Defendants as it deems proper and just.

## **JURY DEMAND**

Defendants, COOK COUNTY, THOMAS DART, and OFFICER VAZQUEZ, respectfully request a trial by jury.

       Respectfully submitted,

       ANITA ALVAREZ
       State's Attorney of Cook County

By: */s/ Martin Syvertsen*
    Martin Syvertsen
    Assistant State's Attorney
    Torts / Civil Actions Bureau
    500 Richard J. Daley Center
    Chicago, Illinois 60602
    (312) 603-6672